# COURT OF CHANCERY
## OF THE
## STATE OF DELAWARE

KATHALEEN ST. J. MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

August 21, 2024

Michael J. Barry
Casimir O. Szustak
Grant & Eisenhofer P.A.
123 Justison Street, 7th Floor
Wilmington, DE 19801

William M. Lafferty
Ryan D. Stottmann
Rachel R. Tunney
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market St.
Wilmington, DE 19801

Patricia L. Enerio
Elizabeth A. DeFelice
Emily A. Letcher
Heyman Enerio Gattuso & Hirzel LLP
300 Delaware Avenue, Suite 200
Wilmington, DE 19801

Re: *In re XL Fleet (Pivotal) S'holder Litig.*,
C.A. No. 2021-0808-KSJM

Dear Counsel:

This decision resolves the August 2, 2024 request of Defendant Spruce Power Holding Corp. (formerly known as XL Fleet Corporation) ("XL Fleet") for leave to move for summary judgment.[1] XL Fleet argues that Count IV for breach of the certificate of incorporation can be resolved by summary judgment because the undisputed evidence confirms that it did not breach the certificate of incorporation.[2] The plaintiffs oppose the motion and argue that the evidence is far from undisputed.[3]

---

[1] C.A. No. 2021-0808-KSJM, Docket ("Dkt.") 154.

[2] *Id.* at 4.

[3] Dkt. 163 at 3.

"There is no right to a summary judgment."[4]  "Even where the facts are not in dispute, a court may decline to grant summary judgment where a more thorough exploration of the facts is needed to properly apply the law to the circumstances."[5] "When an ultimate fact to be determined is one of motive, intention or other subjective matter, summary judgment is ordinarily inappropriate."[6]  The court may "decline to decide the merits of the case in a summary adjudication where it is not reasonably certain that there is no triable issue."[7]  This court has refused requests for leave to file motions for summary judgment where such proceedings "are apt to waste, rather than conserve, the resources of the parties and the court."[8]

Typically, motions for summary judgment require a court to dive deeply into a paper record without the benefit of live witnesses explaining the significance of that record.  This exercise requires a substantial investment of judicial resources.  With trial and the attendant benefits of live witness testimony around the corner, I am

---

[4] *Stone & Paper Invs., LLC v. Blanch*, 2020 WL 6373167, at *1 (Del. Ch. Oct. 30, 2020) (internal quotation marks omitted) (quoting *Telxon Corp. v. Meyerson*, 802 A.2d 257, 262 (Del. 2002)).

[5] *In re Tri-Star Pictures, Inc., Litig.*, 1995 WL 106520, at *5 (Del. Ch. Mar. 9, 1995) (citations omitted).

[6] *Cont'l Oil Co. v. Pauley Petroleum, Inc.*, 251 A.2d 824, 826 (Del. 1969) (citations omitted).

[7] *Unbound P'rs Ltd. P'ship v. Invoy Hldgs. Inc.*, 251 A.3d 1016, 1024 (Del. Super. 2021) (internal quotation marks omitted) (quoting *Parexel Int'l (IRL) Ltd. v. Xyomic Pharms., Inc.*, 2020 WL 5202083, at *4 (Del. Super. Sept. 1, 2020)) (interpreting parallel rule of the Delaware Superior Court).

[8] *Orloff v. Shulman*, 2007 WL 1862742, at *1 (Del. Ch. June 20, 2007); *see also Blanch*, 2020 WL 6373167, at *1 (denying leave to file a motion for summary judgment filed in "close proximity to trial").

dubious of arguments that summary judgment motions will create efficiencies. Nevertheless, I approached XL Fleet's request for leave to move for summary judgment open to the possibility that there might be good reasons to undertake such an effort in this action.

I have now studied the request for leave and conclude that there are no good reasons to permit a motion for summary judgment. The parties' letters speak to factually rife issues, and I am far from convinced that the issues raised are not triable. The request for leave to move for summary judgment is denied.

IT IS SO ORDERED.

Sincerely,

*/s/ Kathaleen St. J. McCormick*

Chancellor

cc:     All counsel of record (by *File & ServeXpress*)